SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
BABAK YOUSEFZADEH, Cal. Bar No. 235974
byousefzadeh@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

Attorneys for KNIGHT TRANSPORTATION, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLAYTON, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC. and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 1:11-CV-00735-LJO-DBL<br><br>JOINT SCHEDULING REPORT<br><br>Judge:  Dennis L. Beck<br>Courtroom #9<br><br>TELEPHONIC APPEARANCE REQUESTED |

Plaintiff Don Clayton and Defendant Knight Transportation (collectively, the "Parties") submit this Joint Scheduling Report in advance of the Mandatory Scheduling Conference on July 14, 2011 at 9:15 am. <u>Both parties hereby request a telephonic appearance at the Conference, and have agreed that Defendant will be responsible for making appropriate arrangements with the Court (and initiating the call to the Court at the designated time).</u>

1.  **Summary of Factual And Legal Contentions**

Plaintiff has filed a class action complaint on behalf of himself and all other current and former truck drivers employed by Knight Transportation, Inc. who were based in the State of California, and who participated and/or attended an orientation during the period from March 9, 2007 through the present (the "Class Period"). Plaintiff's Complaint consists of four causes of action and alleges that Defendant (1) failed to pay wages pursuant to Section(s) 1194 and 1194.2 of the California Labor Code; (2) failed to pay wages upon termination and waiting time penalties pursuant to Section(s) 201, 202 and 203 of the California Labor Code; (3) failed to issue itemized wage statements in accordance with Section(s) 226 and 226.3 of the California Labor Code; and, (4) engaged in Unfair Business Practices pursuant to Section(s) 17200 of the California Labor Code. The thrust of Plaintiff's allegations is that he and the proposed class were not paid minimum wages for time spent at orientation conducted by Defendant. The remainder of Plaintiff's claims are derivatives of the claim for minimum wages.

Defendant denies Plaintiff's allegations and contends that this case is not suitable for class treatment. Defendant also contends that Plaintiff (and the proposed class members) were not "employees" of Defendant, during orientation, such that they would have been entitled to minimum wages.

2. **Potential Proposed Amendment To The Pleadings**

The Parties do not anticipate that there will be any substantive amendments to the original Complaint. Plaintiff may amend his original Complaint, to modify the class definition set forth therein, or to conform it to federal pleading requirements. The parties agree that proposed deadline for the amendment to the proceedings shall be September 1, 2011.

3. **A Summary Detailing the Uncontested and Contested Facts**

At this time, the Parties are in the initial stage of investigation of this case. The following description of contested and uncontested facts may be amended as the parties conduct additional investigation and discovery.

Uncontested Facts

Factually, the Parties do not contest the following:

- Plaintiff is a California resident.
- Plaintiff worked as a truck driver for Knight Transportation, Inc. from August 2008 through December 2008, and was based out of Defendant's Tulare terminal.
- Defendant is an Arizona company.
- Defendant has two primary service centers (terminals) located in California: one in Fontana, California and one in Tulare, California.
- During the Class Period, Defendant employed at least "hundreds of full-time drivers" who fall within the proposed class definition.
- Plaintiff attended orientation for Defendant for approximately three days in California.

Contested Facts

Factually, the Parties contest whether:

- Plaintiff and members of the proposed class were "employed by" Defendant during the orientation period.

- Defendant's orientation for all truck drivers who attended orientation in California were scheduled to last for twenty-one hours over a three-day period.
- Plaintiff and members of the proposed class received all wages due upon the termination of his employment.
- Plaintiff and members of the proposed class received accurate itemized wage statements.
- Plaintiff is an adequate class representative.
- Plaintiff is typical of the class he seeks to represent.
- Plaintiff (and his counsel) have conflicts of interest with other members of the putative class, and whether they may adequately represent them in this action.
- Neither Plaintiff nor any members of the proposed class signed any agreement permitting lodging and/or food to be credited to any part of wages earned from orientation.
- Wages paid to Plaintiff and the Class Members for attending orientation were subject to payroll taxes.
- The subject of Defendant's orientation was primarily devoted to Defendant's policies and procedures.

**4.     Undisputed and Disputed Legal Issues**

Undisputed Legal Issues

The parties do not dispute the Court's jurisdiction over this matter, and agree that the Eastern District is the proper venue. Further, the parties agree that California state law will govern these proceedings.

Disputed Legal Matters

The parties dispute whether:

- Individuals who attended Defendant's orientation program were "employees" under California law and entitled to the protections of

minimum wage as set forth in Section 1194 and 1194.2 of the California Labor Code.

- Individuals who terminated their employment at Knight were properly compensated for all hours worked at the termination of their employment pursuant to Section 203 of the California Labor Code.
- Defendant willfully failed to pay wages due pursuant to Section 203 of the California Labor Code.
- Defendant failed to issue accurate itemized wage statements pursuant to Section(s) 226 and 226.3 of the California Labor Code.
- Defendant failed to willfully issue accurate itemized wage statements pursuant to Section(s) 226 and 226.3 of the California Labor Code.
- Defendant engaged in unfair, unlawful or fraudulent business practices pursuant to Section 17200 of the California Business and Professions Code.
- Common questions of law or fact exist or predominate in this action so as to warrant class treatment pursuant to California Code of Civil Procedure § 382.
- Class action treatment of this case is superior to any other alternative;
- Class treatment will benefit the litigants, proposed class members and the Court.
- Plaintiff is typical of the members of the class he seeks to represent;
- Plaintiff may adequately represent the interest of absent class members in the event this matter is certified.
- Plaintiff (and his counsel) have conflicts of interest with other members of the putative class and whether they may adequately represent them in this action.

5. **Status of Matters Presently Set Before The Court**

At present time, there are no matters set before the Court to be heard.

### 6. Discovery Plan

The Parties have agreed that the extent and scope of discovery in this case will be significantly impacted by the Court's decision on Plaintiff's anticipated motion for class certification. Accordingly, the Parties' proposal below is geared to events occurring prior to the class certification stage. After the Court rules on Plaintiff's motion for class certification, the Parties would propose to submit a final discovery plan within 14 calendar days following the Court's ruling. Notwithstanding the foregoing, the Parties are able to agree on the following dates for pre-certification discovery:

(a) <u>Date for exchange of initial disclosures</u>: July 31, 2011

(b) <u>Cut-off date for non-expert *pre-class certification* discovery</u>: February 15, 2012.

<u>Cut-off date for non-expert *post-class certification* discovery (if any)</u>: To be determined within 14 calendar days following the Court's ruling on Plaintiff's anticipated motion for class certification.

(c) <u>Disclosure of expert witnesses for *pre-class certification* discovery</u>: December 1, 2011.

<u>Disclosure of expert witnesses for *post-class certification* discovery</u>: To be determined within 14 calendar days following the Court's ruling on Plaintiff's anticipated motion for class certification.

(d) <u>Cut-off date for *pre-class certification* expert witness discovery</u>: January 15, 2012.

<u>Cut-off date for *post-class certification* expert witness discovery</u>: To be determined within 14 calendar days following the Court's ruling on Plaintiff's anticipated motion for class certification.

(e) <u>Proposed changes in the limits of discovery</u>: Defendant proposes the following changes in the limits of discovery:

- Notwithstanding Federal Rule of Civil Procedure ("FRCP") 30(a)(2), Plaintiff and Defendant to each get up to 20 depositions during pre-certification discovery, which number will include depositions of named parties, officers and agents of named parties, and proposed class members. Pursuant to FRCP 30(d), each deposition will be limited to a maximum of 1 day of 7 hours per deponent.
- Notwithstanding FRCP 33(a), Defendant proposes Plaintiff and Defendant to each get up to 50 written interrogatories during pre-certification discovery. Plaintiff disagrees with Defendant's proposal.

(f) <u>Anticipated need for protective order</u>: Defendant may need to seek a protective order to the extent Plaintiff's pre-certification discovery will seek private, confidential information from members of the putative class, or trade secret/ proprietary information from Defendant.

(g) <u>Timing, Sequencing or Phasing of Discovery</u>: Parties agree that class certification issues should be addressed first. Pre-certification discovery to be completed no later than February 15, 2012. Defendant anticipates taking between 10-20 depositions during the pre-certification discovery phase. Plaintiff believes that Defendant's estimate is excessive, and may move to limit the amount of depositions that Defendant may take. Plaintiff anticipates taking between 1 and 4 depositions of Defendant pursuant to FRCP Rule 30(b)(6), and possibly deposing Defendant's supervisors and/or managers.

(h) <u>Depositions outside of the United States</u>: The Parties do not anticipate needing to take depositions outside of the United States at this time.

(i) <u>Videorecording/sound recording of depositions</u>: Defendant plans to videotape all depositions, including that of the named Plaintiff. Plaintiff does not anticipate videotaping any depositions.

(j) <u>Mid-Discovery Status Report and Conference</u>: November 2011.

7. **Discovery Related To Electronic, Digital and/or Magnetic Data**

The parties have met and conferred regarding electronic discovery. At this point, the parties' agreement on the scope of electronic discovery is targeted at pre-certification discovery. Should the Court certify the class, the parties will meet and confer to discuss additional electronic discovery that may be necessary.

    **(A)   Categories of Electronic Discovery Sought**

Defendant intends to seek emails and any other electronic data from Plaintiff reflecting any correspondence he has had pertaining to this lawsuit and any other electronic data maintained by Plaintiff related to the claims in his lawsuit with anyone, including other Knight applicants, employees and supervisors.

Plaintiff intends to request electronic data, including emails, listing who attended Defendant's orientation, the dates of attendance, the length of orientation and the payment regarding same. Such emails will include, but are not limited to emails to and from applicants and recruiters. The parties have agreed to meet and confer to devise a sampling method on the electronic discovery sought by Plaintiff.

    **(B)   The Parties Have Met and Conferred Pertaining To Electronic Discovery**

    (i)   <u>Computer-based information:</u> Defendant has previously put in place a litigation hold" to protect all potentially relevant electronic information from any witnesses who may have potentially relevant litigation in this lawsuit. No destruction of property containing such relevant information will take place until the lawsuit has been finally resolved. Plaintiff's counsel has instructed his client to

retain all relevant emails and property (servers, computers, telephones etc) – to the extent that any exist – that may contain relevant information effective July 7, 2011.

(ii) <u>Email information</u>:  The parties have agreed to identify mutually-agreeable "search terms" and to identify a list of witnesses who would have relevant electronic documents.  The parties recognize that the scope of pre-certification electronic discovery may be more limited than the scope of discovery following class certification and have agreed to devise a sampling method to limit the scope of pre-certification discovery.

(iii) <u>Deleted information</u>:  At this time, Defendant has indicated that emails from Defendant's employees may not be available or reasonably retrievable prior to March 2010 and that Qualcomm data may not be available prior to January 2009.  In the event either party seeks deleted information, the parties have agreed to meet and confer further on the process and the cost-splitting.

(iv) <u>Back-up data</u>:  The parties believe that it is pre-mature to discuss whether or not back-up data will be necessary, although it does not appear necessary at this time.  In the event either party seeks deleted information, the parties have agreed to meet and confer further on the process and the cost-splitting.

**8.     Calendar agreed-upon by all parties**

(a) <u>Dispositive and Non-Dispositive Motions</u>

*Motion for Class Certification Filing Date*:  March 31, 2012

The parties propose to agree on due dates for other dispositive motions (motions for summary adjudication/summary judgment/motion to decertify the

1  class) within 30 days after the Court rules on Plaintiff's motion for class certification
2  to develop an appropriate calendar.

   *Motion for Summary Adjudication/Judgment*:

4  (b)   <u>Pre-Trial Conference Date</u>: The Parties propose to agree on a date for
5  the pre-trial conference and confer on dates for the pre-trial conference (motions for
6  summary adjudication/summary judgment/motion to decertify the class) within 30
7  days after the Court rules on Plaintiff's motion for class certification to develop an
8  appropriate calendar.

9  (c)   <u>Trial Date</u>:  The Parties propose to agree on a trial date within 30 days
10 after the Court rules on Plaintiff's motion for class certification. At present time, the
11 Parties anticipate a trial date in December 2012 based on the schedule set forth
12 above.

13 **9.   Settlement Discussions**

14 The parties have discussed the possibility of early settlement and the
15 possibility of using of a third-party neutral to assist with the mediation process, and
16 are amenable to doing so.  The success of early resolution, however, as set forth
17 below, is complicated by the fact that Plaintiff(s) have two other class action
18 lawsuits currently pending against Knight Transportation, Inc.: *Morrison et. al v.*
19 *Knight Transportation, Inc., and Carson et. al. v. Knight Transportation, Inc.* Some
20 of the allegations in those lawsuits overlap with some of the allegations in the
21 present lawsuit.  Specifically, there is significant overlap as to the class definitions
22 set forth in all three lawsuits, and all three lawsuits allege violations of Cal. Labor
23 Code §§ 201-203 (alleged failure to timely pay final wages upon termination).
24 Further, two of the lawsuits, *Morrison* and the instant case, also both allege
25 violations of Labor Code §§ 226 and 226.3 (alleged failure to provide accurate wage
26 statements).  Should the class in this case be certified, some (and likely many) of the
27 class members in the instant lawsuit would overlap with claims in one or both of the
28

prior lawsuits. As a result of the overlap, it will be difficult to resolve the instant lawsuit without impacting the status of the other two lawsuits currently pending.

The Parties agree that a settlement conference would be desired after discovery.

**10.    Jury or Non-Jury Trial**

The Parties request a jury trial.

**11.    Estimated Trial Length**

If the class is not certified, the Parties estimate that the trial of Plaintiff's claims will last between 3-5 days. If the Court certifies the class, the Parties estimate that the trial will last between 3-5 weeks.

**12.    Consent to Jurisdiction of the Magistrate Judge:**

Plaintiff and Defendant consent to the jurisdiction of the Magistrate Judge as to all discovery and non-dispositive motions. However, Defendant respectfully declines the jurisdiction of the Magistrate Judge as to any dispositive motions.

**13.    Bifurcation/Phasing of Trial:** Defendant will seek to bifurcate the liability phase of the trial from the damages phase of the trial. Plaintiff disagrees with this approach.

**14.    Related Matters:**

As noted above, there are currently two other class action lawsuits pending against Defendant Knight Transportation, Inc., each of which overlaps with the instant case to some extent regarding requested penalties, although Plaintiffs' theories is those cases regarding the triggering event of those penalties is separate and distinct from the theories in the instant case .

*Jack Morrison v. Knight Transportation, Inc. et al.,* is a class action lawsuit against Defendant, filed on May 9, 2008, in the California Superior Court (County of Tulare), Case No. 228016. In the case, plaintiff Morrison (on behalf of himself and a class of "similarly situated" individuals) alleges several wage-and-hour causes of action against Knight Transportation, including: (1) Failure to Provide Mandated

Timely Off-Duty Meal Periods per Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9); (2) Unfair/Unlawful/Fraudulent Business Practices per Cal. Business and Professions Code § 17200; (3) Failure to Provide Accurate Itemized Wage Statements per Cal. Labor Code §§226 and 226.3; and (4) Failure to Pay Wages Due at Time of Termination per Cal. Labor Code §§ 201-203.

The *Morrison* class is defined as: current and former truck drivers who were based out of Knight Transportation's Northern or Southern California distribution centers from May 8, 2008 to the present, and who drove routes of five hours (or more) within California without a 30 minute off-duty meal period. The thrust of plaintiff's claims in *Morrison* is that Knight Transportation did not provide its drivers meal periods as required by the Labor Code. The remaining claims in that action are derivatives of the first. Two of those derivative claims are failures to provide accurate wage statements (under Labor Code §§ 226 and 226.3) and failure to pay final wages at termination (under Labor Code §§201-203) – both of which have also been pled against Defendant in the current litigation before this Court.[1] Given the class definition in *Morrison* will largely overlap with the class definition in the current litigation before this Court, and thus there will be overlap as to these two derivative claims, although the derivative claims in *Morrision* are based on a different theory (i.e., failure to provide meal breaks) than the derivative claims in the instant case.

Procedurally, the parties in *Morrison* sought early mediation before Michael Loeb, which mediation was unsuccessful. Since then, class in *Morrison* has been certified, Defendant's motion for summary judgment (based on preemption grounds) has been denied, and the matter is stayed pending *Brinker*.

---

[1] As noted below, the alleged failure to pay final wages at termination (under Labor Code §§201-203) is also alleged in *Carson*.

*Steve Carson et. al. v. Knight Transportation, Inc.*, is another class action lawsuit against Defendant, filed on August 28, 2009, in the California Superior Court (County of Tulare), Case No. 09-234186. In the case, plaintiffs Carson and Ainsworth (on behalf of themselves and a class of "similarly situated" individuals) allege several wage-and-hour causes of action against Knight Transportation, including: (1) Failure to Pay Wages Due for Pre-and-Post-Trip Work and for Delay Time per Cal. Labor Code §§ 1194 and 1194.2; (2) Failure to Pay the Promised and Stated Piece-Rate per Cal. Labor Code §§ 222-223; (3) Failure to Pay Wages Due on Termination per Cal. Labor Code §§ 201-203; and (4) Unfair/Unlawful Business Practices per Cal. Business and Professions Code § 17200.

The *Carson* class is defined as: current and former truck drivers of Knight Transportation, who were based in California, who performed at least one pre-trip or post-trip vehicle safety inspection in California, and who were paid by a piece-rate compensation system from August 28, 2005 to the present. The thrust of plaintiffs' claims in *Carson* is that Knight Transportation did not pay its California drivers compensation for non-driving work including pre-and-post-trip vehicle inspections (which are required pre-requisites to driving their truck) or for delay periods of two-hours or more associated with their driving duties. The remainder of the *Carson* claims are derivatives of the first. One of those derivative claims is the failure to pay final wages at termination (violation of Labor Code §§ 201-203) – which has also been pled against Defendant in the current litigation before this Court (as well as in the *Morrison* matter). Given that the class definition in *Carson* will largely overlap with the class definition in the current litigation before this Court (and with *Morrison*), there will thus be overlap between the three cases as to this one claim, although this claim rests on a different theory in each case.

Procedurally, the *Carson* case is comparable to *Morrison*, i.e., the class was certified and both parties' motions for summary judgment were denied. Defendant may move to partially decertify the class.

Dated: July 7, 2011

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____/S/_____
Ellen M. Bronchetti
Attorneys for Defendant, Knight Transportation, Inc.

ACKERMANN & TILAJEF, PC
MICHAEL MALK, ESQ. APC

By: _____/S/_____
Michael Malk
Attorneys for Plaintiff and the Class