# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLAYTON,<br><br>        Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.<br><br>        Defendant. | 1: 11 CV 00735 LJO  DLB<br><br>SCHEDULING ORDER<br>RE: CLASS CERTIFICATION MOTION<br><br>Discovery Deadlines:<br>    Initial Disclosures: August 1, 2011<br>    Non Expert: February 15, 2012<br>    Expert: January 5, 2012<br><br>Class Certification Motion Deadlines:<br>    Filing: March 30, 2012<br>    Hearing: May 15, 2012<br><br>Scheduling Conference:<br>    June 19, 2012 at 9:00 a.m.<br>    Courtroom 9 |

**I.    Date of Scheduling Conference**

July 14, 2001.

**II.    Appearances of Counsel**

Michael Malk and Craig Justin Ackerman appeared on behalf of Plaintiff.

Babak Yousefzadeh appeared on behalf of Defendant.

1

### III. Discovery Plan and Cut-Off Date - Re: Class Certification

The parties are ordered to exchange the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before August 1, 2011.

The parties are ordered to complete all discovery pertaining to non-experts on or before February 15, 2012 and all discovery pertaining to experts on or before January 5, 2012.

The parties are directed to disclose all expert witnesses, in writing, on or before December 1, 2001, and to disclose all supplemental experts on or before . The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

### IV. Pre-Trial Motion Schedule

Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

#### Discovery Disputes

No written discovery motions shall be filed without the prior approval of the

Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt conference with the Magistrate Judge by telephone.  The Clerk will inform counsel of the time and date of the telephone conference and it shall be the responsibility of the moving party to initiate the telephone conference call to chambers. The recording of telephone hearings or conferences with the Court is prohibited, except with prior permission of the Court. The request for a conference with the Court carries with it a professional representation by the lawyer that a conference has taken place and that he or she has made a good faith effort to resolve the dispute.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

Plaintiff's Motion for Class Certification shall be filed no later than March 30, 2012 and heard no later than May 15, 2012, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

**V.**     **Scheduling Conference**

A Scheduling Conference is scheduled for June 19, 2012 at 9:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

**VI.**     **Related Matters Pending**

There are currently two other class action lawsuits pending against Defendant Knight Transportation, Inc., each of which overlaps with the instant case to some extent

regarding requested penalties, although Plaintiffs' theories is those cases regarding the triggering event of those penalties is separate and distinct from the theories in the instant case .

*Jack Morrison v. Knight Transportation, Inc. et al.*, is a class action lawsuit against Defendant, filed on May 9, 2008, in the California Superior Court (County of Tulare), Case No. 228016. In the case, plaintiff Morrison (on behalf of himself and a class of "similarly situated" individuals) alleges several wage-and-hour causes of action against Knight Transportation, including: (1) Failure to Provide Mandated Timely Off-Duty Meal Periods per Cal. Labor Code~§ 226.7 and 512, and IWC Wage Order No. 9); (2) Unfair/Unlawful/Fraudulent Business Practices per Cal. Business and Professions Code § 17200; (3) Failure to Provide Accurate Itemized Wage Statements per Cal. Labor Code §~226 and 226.3; and (4) Failure to Pay Wages Due at Time of Termination per Cal. Labor Code§§ 201-203.

The *Morrison* class is defined as: current and tormer truck drivers who were based out of Knight Transportation's Northern or Southern California distribution centers from May 8, 2008 to the present, and who drove routes of five hours (or more) within California without a 30 minute off-duty meal period. The thrust of plaintiff's claims in A1orri:wn is that Knight Transportation did not provide its drivers meal periods as required by the Labor Code. The remaining claims in that action are derivatives of the first. Two of those derivative claims are failures to provide accurate wage statements (under Labor Code§§ 226 and 226.3) and failure to pay final wages at termination (under Labor Code §§201-203) both of which have also been pled against Defendant in the current litigation before this Court.  Given the class definition in Morrison will largely overlap with the class definition in the current litigation before this Court, and thus there will be overlap as to these two derivative claims, although the derivative claims in Morrision are based on a different theory (i.e., failure to provide meal breaks) than the derivative claims in the instant case.

Procedurally, the parties in *Morrison* sought early mediation before Michael Loeb, which mediation was unsuccessfuL Since then, class in Morrison has been certified, Defendant's motion

4

for summary judgment (based on preemption grounds) has been denied, and the matter is stayed pending *Brinker*.

*Steve Canwn et. a!. v. Knight Transportation, Inc.*, is another class action lawsuit against Defendant, filed on August 28, 2009, in the California Superior Court (County of Tulare), Case No. 09-234186. In the case, plaintiffs Carson and Amsworth (on behalf of themselves and a class of "similarly situated" individuals) allege several wage-and-hour causes of action against Knight Transportation, including: (1) Failure to Pay Wages Due for Pre-and-Post-Trip Work and for Delay Time per Cal. Labor Code §§ 1194 and 1194.2; (2) Failure to Pay the Promised and Stated Piece-Rate per Cal. Labor Code §§ 222-223; (3) Failure to Pay Wages Due on Termination per Cal. Labor Code §§ 201-203; and (4) Unfair/Unlawful Business Practices per Cal. Business and Professions Code § 17200.

The *Carson* class is defined as: current and former truck drivers of Knight Transportation, who were based in California, who performed at least one pre-trip or post-trip vehicle safety inspection in California, and who were paid by a piece-rate compensation system from August 28, 2005 to the present. The thrust of plaintiffs' claims in Carson is that Knight Transportation did not pay its California drivers compensation for non-driving work including pre-and-post-trip vehicle inspections (which are required pre-requisites to driving their truck) or for delay periods of two- hours or more associated with their driving duties. The remainder of the *Carson* claims are derivatives of the first. One of those derivative claims is the failure to pay final wages at termination (violation of Labor Code §§ 201-203) which has also been pled against Defendant in the current litigation before this Court (as well as in the *Morrison* matter). Given that the class definition in *Carson* will largely overlap with the class definition in the current litigation before this Court (and with *Morrison*), there will thus be overlap between the three cases as to this one claim, although this claim rests on a different theory in each case.

Procedurally, the *Carson* case is comparable to *Morrison*, i.e., the class was certified and both parties' motions for summary judgment were denied. Defendant may move to partially

decertify the class.

### VII. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### VIII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **July 14, 2011**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE