SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
BABAK YOUSEFZADEH, Cal. Bar No. 235974
byousefzadeh@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Defendant
KNIGHT TRANSPORTATION, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLAYTON, individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> KNIGHT TRANSPORTATION, INC. and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. 1:11-CV-00735-LJO-DLB <br><br> **PROTECTIVE ORDER** <br><br><br> Judge: The Hon. Dennis L. Beck <br> Courtroom #9 |

Pursuant to the Stipulation of Plaintiff Don Clayton ("Plaintiff") and Defendant Knight Transportation, Inc. ("Defendant") (collectively, the "Parties") for a Protective Order:

The Parties Stipulation is hereby APPROVED, and the Parties' request for a Protective Order is GRANTED. The Court enters the following Protective Order:

   A.   **DEFINITIONS**

      1.  <u>Party</u>: any party to this action, including all of the party's officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

2. <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. <u>"Confidential" Information or Items</u>:  information or items which constitute or contain:

    a. Defendant's confidential trade secrets, proprietary and/or financial information, including but not limited to: (a) customer information, sales records, financial information, business plans and/or business development strategies; (b) data derived from such confidential information, including any summaries, compilations, or abstracts; and (c) any other oral, written, or recorded material that consists of or contains trade secrets or other confidential research, development, or commercial information; or

    b. Addresses, phone numbers, and other contact information of Defendant's current or former employees and/or independent contractors.

    c. Any financial records, personnel records and/or employment records of any of Defendant's current or former employees and/or independent contractors.

4. <u>"Highly Confidential—Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential" information or items whose disclosure to another Party or non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

5. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

6. <u>Producing Party</u>:  a Party or non-Party that produces Disclosure or Discovery Material in this action.

7. <u>Designating Party</u>:  a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

8. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

9. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10. <u>House Counsel</u>:  attorneys who are employees of a Party.

11. <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

12. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

13. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

B. **SCOPE**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or

compilations thereof; plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

    C.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    D.    **DESIGNATING PROTECTED MATERIAL**

    1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Both the Producing Party and Receiving Party have a right to designate material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Where a Party disagrees with or would like clarification regarding a designation, the Party shall contact the Designating Party to meet and confer and obtain an explanation why the Designating Party believes in good faith that a document or group of documents qualifies for protection under this Order, and the Designating Party shall provide a written (email shall suffice) explanation within five (5) business days of the request.

2.      Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or in the case of the Receiving Party within 30 days of receipt of the material.

Designation in conformity with this Order requires:

a.      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party (or Receiving Party where applicable) affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party (or Receiving Party where applicable) also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

    b. <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-Party wishing to designate portions of the testimony as subject to this Order, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulation and Protective Order. Any Party seeking to use documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must expressly identify the designation of the documents before introducing them into the record.

   Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

    c. <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

    3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party (or the Producing Party as the case may be) on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    4. <u>Productions Prior to Date of this Order.</u> Material produced prior to the Parties' stipulated protective order, and the Court's Order thereon, may be retroactively designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" within a reasonable time after the Court's Order on the Parties' stipulation. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the Court's Order on the Parties stipulation, the Receiving Party (or the Producing Party as the case may be) on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

E.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1.      <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.      <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3.      <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

4.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

F.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

   1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section J, below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a.   the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b.   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   c.   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        d.    the Court and its personnel;

        e.    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        f.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        g.    the author of the document or the original source of the information.

3.    <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

        a.    the Receiving Party's Counsel of record in this action (both Outside and House Counsel), as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        b.    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   c. the Court and its personnel;

   d. court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   e. the author of the document or the original source of the information.

### G. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than two court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### H.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### I.  FILING PROTECTED MATERIAL

A party wishing to file Protected Material in connection with a pleading shall do one of the following:

1) Contact the Designating Party to meet and confer in order to determine whether the parties can agree on a procedure to redact the confidential information so that the documents can be filed normally, i.e., not under seal; or

2) Give fourteen (14) days notice to the Designating Party regarding which Protected Material it wishes to file with its pleading.  Designating Party can then comply with Local Rules 140 and 141 to obtain an order regarding filing under seal.

### J.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, after the termination of this action, Designating Party may request, in writing, that each Receiving Party return or destroy all Protected Material received from the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section C (DURATION), above.

### K.   **MISCELLANEOUS**

1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED:  3/6/2012                              /s/ Dennis L. Beck

HON. DENNIS L. BECK
Magistrate Judge

**Exhibit A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLAYTON, individually and on behalf of all others similarly situated,, <br><br>Plaintiff, <br><br>v. <br><br>KNIGHT TRANSPORTATION, INC. and DOES 1 through 100, inclusive, <br><br>Defendant. | Case No. 1:11-CV-00735-LJO-DBL <br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** <br><br><br>Judge:    The Hon. Dennis L. Beck <br>Courtroom #9 |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in the above captioned case, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons authorized by the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

1    6.  I understand that any disclosure or use of "Confidential" information in any
2 manner contrary to the provisions of the Protective Order may subject me to sanctions for
3 contempt of court.

4    I declare under penalty of perjury that the foregoing is true and correct.

6 Dated: _____

8                              By  _____

W02-WEST:5EMI1\404706923.1

PROTECTIVE ORDER                 15                 Case No. 1:11-CV-00735-LJO-DBL