# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLAYTON,<br><br>            Plaintiff,<br><br>    v.<br><br>KNIGHT TRANSPORTATION,<br><br>            Defendant. | Case No. 1:11-cv-00735-SAB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PARTIALLY GRANTING MOTION FOR ATTORNEY FEES AND COSTS<br><br>(ECF Nos. 75-78, 80-82) |

## I.

## INTRODUCTION

The parties in this action agreed to settle all claims and the Court previously granted the motion for preliminary approval of the class action settlement. On January 6, 2014, Plaintiff Don Clayton filed an unopposed motion seeking approval of class counsels fees and costs. On March 7, 2014, Plaintiff filed a motion for final approval of the class action settlement.

A hearing on the motions was held on March 19, 2014. Counsel Craig J. Ackermann appeared telephonically for Plaintiff and counsel Pankit Doshi appeared telephonically for Defendant. During the hearing, Plaintiff moved for reconsideration of the incentive award for the class representative. The Court ordered Plaintiff to file a letter brief within twenty-four hours. On March 19, 2014, Plaintiff filed a letter brief.

For the following reasons, Plaintiff's motion for final approval of class settlement is granted and motion for attorney fees and costs is granted in part.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this class action on behalf of himself and other similarly situated individuals in Tulare County Superior Court on March 8, 2011. (ECF No. 1-1.) Plaintiff was seeking declaratory relief, damages, and attorney fees for Defendant's failure to pay its California truck drivers minimum wage for the time spent in mandatory orientation, failure to pay all wages upon termination of employment, failure to provide accurate itemized wage statements, and unfair business practices. (Id.) Defendant removed this action to the Eastern District of California on May 6, 2011. (ECF No. 1.)

On July 16, 2012, a findings and recommendation issued recommending certifying four classes in this action. (ECF No. 41.) On August 21, 2012, United States District Judge Lawrence J. O'Neill issued an order adopting the findings and recommendation and four classes were certified: 1) orientation pay class; 2) California Labor Code section 203 class; 3) California Labor Code section 226 class; and 4) California Business and Professions Code section 17200 class. (ECF No. 44.) On March 21, 2013, the parties filed a stipulation requesting approval of class notice and a settlement administrator and seeking an order authorizing distribution of class notice. (ECF No. 58.) The motion was granted on March 25, 2013. (ECF No. 59.)

On August 19, 2013, the parties filed a notice informing the Court that this action had settled. (ECF No. 66.) On September 27, 2013, the parties filed a motion for preliminary approval of the class action settlement. (ECF No. 70-72.) The parties agreed to a gross settlement amount of $300,000.00, with a 40% floor of distribution of the net settlement amount on behalf of the class members. (Motion for Preliminary Approval of Class Action Settlement 12,[1] ECF No. 70.) The gross settlement amount included the class counsel fee and cost award of up to 33.33% of the gross settlement amount (not to exceed $100,000.00 in fees and $12,000.00 in costs); a class representative's enhancement payment (not to exceed $7,500.00); the claims administrator's fees and costs (not to exceed $25,000.00 ); with the net settlement amount being

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

$155,500.00.  (Motion for Order 13, ECF No. 70.)  On October 30, 2013, the magistrate judge issued an order granting the motion for preliminary approval of the class action settlement, approving a class counsel fee of 25% of the gross settlement amount and a class representative payment not to exceed $3,500.00.  (ECF No. 74.)

The Settlement Administrator, CPT Group, Inc., received information on the 2,134 class members on November 14, 2013.  (Decl. of Tim Cunningham ¶ 4, ECF No. 82.)  The notice packets were printed and on November 20, 2013, the Settlement Administrator ran a national change of address search to update the addresses of the class list.  The search of this database provided updated addresses for any individual who had moved in the previous four years and informed the U.S. Postal Service of their change of address.  (Id. at ¶ 6.)  The notice packets were mailed to all class members on December 3, 2013.  (Id. at ¶ 7.)

Forty-three notice packets were returned with no forwarding address.  The Settlement Administrator performed a Skip Trace on all returned mail to locate a new address in Accurint.  (Id. at ¶ 8.)  As a result, addresses were located for twenty class members and the notices were re-mailed.  Twenty three class members were not notified as the Settlement Administrator was unable to locate a current address.  (Id. at ¶ 9.)  No objections to the settlement were received and 424 responses were submitted to the Settlement Administrator.  (Id. at ¶¶ 10, 11.)  There have been 420 claims submitted, two requests for exclusion, and two invalid claims which were duplicate claim submissions from the same class members.  (Id. at ¶¶ 11, 12, 13.)

If all claims are accepted, 19.68% of the class have submitted claim forms.  Due to the agreement that a minimum of 40% of the fund will be paid out to class members, the average settlement award to each class member that submitted a claim will $151.90 if the Court grants attorney fees in the amount of $100,000.00.  If the Court grants attorney fees in the amount of $75,000.00, the average settlement award per member will be $175.71.  (Id. at ¶ 16.)  The settlement administrator will receive $25,000.00 for the administration of the settlement.  (Id. at ¶18.)

On January 6, 2014, Plaintiffs filed an unopposed motion for approval of class counsels' attorney fees and costs.  (ECF Nos. 75-78.)  On March 7, 2014, Plaintiffs filed a motion for final

approval of the class action settlement. (ECF Nos. 80-82.)

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(e)(2) requires that any settlement in a class action be approved by the court which must find that the settlement is fair, reasonable, and adequate. The role of the district court in evaluating the fairness of the settlement is not to assess the individual components, but to assess the settlement as a whole. Lane v. Facebook, Inc., 696 F.3d 811, 818-19 (9th Cir. 2012) reh'g denied 709 F.3d 791 (9th Cir. 2013). The class representatives have an incentive to advance their own interests over that of the class and class counsel owes the ultimate fiduciary responsibility to the class as a whole and is not bound by the views of the named plaintiffs regarding settlement. Staton v. Boeing Co., 327 F.3d 938, 959-60 (9th Cir. 2003). Therefore, in assessing the fairness of the settlement, the court is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1027 (9th Cir. 1998) (quoting Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)).

## IV.

## DISCUSSION

### A.  Notice

The Court finds that the notice to the settlement class, as described in the October 30, 2013 order preliminarily approving the class settlement, provided the best practicable notice to the class members and satisfied the procedures of due process. As described above, the parties hired CPT Group Inc., a claims administrator, to oversee the class notification process and distribute the class funds. The Court finds that the procedures employed were adequate.

### B.  Class Certification

For the reasons set forth in the findings and recommendations on Plaintiffs' motion for class certification, which was adopted by Judge O'Neill on August 21, 2012, the Court finds that the settlement class still meets the requirements of Federal Rule of Civil Procedure 23(a) and (b).

(ECF Nos. 41, 44.) The class is certified solely for the purpose of entering a settlement in this matter.

### C.     Final Approval of the Settlement

As set forth in the October 30, 2013 order on the motion for preliminary approval of settlement, the Court considered the factors set forth in Hanlon and finds that the settlement is fair reasonable and adequate in all respects pursuant to Federal Rule of Civil Procedure 23(e).

### D.     Motion for Attorney Fees

Federal Rule 23(h) provides that "[i]n a certified class action, the court may award attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Since state law governs the claims in this action, state law also governs the award of attorney fees. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Under California law, Plaintiffs are entitled to recover attorney fees and costs. Cal. Code Civ. P. § 1032. The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). In a common fund case, California courts may award attorney fees based on a percentage of the common fund. Lealao v. Beneficial California, Inc., 82 Cal.App.4th 19, 39 (2000). Attorney fees in California are also evaluated by comparison to the lodestar. Lealao, 82 Cal.App.4th at 45. There is no dispute that Plaintiffs are entitled to reasonable attorney fees in this action as the prevailing party.

In the Ninth Circuit, courts typically calculate 25% of the common fund as the "benchmark" for a reasonable fee award providing adequate explanation in the record for any special circumstances that justify departure. In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 942 (9th Cir. 2011). The usual range for common fund attorney fees are between 20-30%. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). In the October 30, 2013 order granting the motion seeking preliminary approval of the class settlement, the Court determined that class counsel did not demonstrate that there were circumstances in this action justifying an award of 33 1/3% in attorney fees. The Court found no exceptional

1  circumstances to justify an upward adjustment in the lodestar and recommended that the attorney
2  fee in this class action be set at 25%.  However, the Court allowed counsel to revisit this matter at
3  the final fairness hearing.

4  Plaintiffs seek reconsideration of the decision limiting attorney fees to 25% percent based
5  on the decision in Monterrubio v. Best Buy Stores L.P., No. 2:11-cv-03270-MCE-CKD (E.D.
6  Cal. Nov. 20, 2013).  Class counsel is requesting a fee under the common fund method of 33
7  1/3%, not to exceed $100,000.  (ECF No. 75 at 8.)  In Monterrubio, the parties agreed to settle the
8  action for $400,000.00 and $234,166.67 was to be distributed to the class.  All unclaimed funds
9  were to be relocated to qualified claimants.  Id. at 5.  The Court awarded attorney fees of
10 $120,000, which was 30% of the common fund.  Id. at 15-16.

11 As counsel conceded at the hearing, Monterrubio is distinguishable as it did not address
12 the situation in this action where the parties have settled for $300,000.00 with only 40% of the
13 funds being allocated to the participating class members.  The result here is that the class
14 members are only receiving $63,800.00, (ECF No. 80 at 6 n.2), while class counsel is seeking to
15 receive $100,000.00 in attorney fees.  The Court does not find grounds to reconsider the award of
16 attorney fees based upon the decision in Monterrubio.

17 Plaintiff requests the Court to conduct a lodestar analysis to compare the reasonableness
18 of their fee request with the lodestar amount.  The Ninth Circuit utilizes the "lodestar" approach
19 for assessing reasonable attorneys' fees, where the number of hours reasonably expended is
20 multiplied by a reasonable hourly rate.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th
21 Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  The court then
22 may adjust the lodestar upward or downward based upon a variety of factors.  Gonzalez, 729 F.3d
23 at 1202.

24 Under California law, to assist the trial court in determining whether attorney fees should
25 be awarded and the of amount of attorney fees to award, "an attorney should present (1) evidence,
26 documentary and oral, of the services actually performed; and (2) expert opinion, by [the
27 applicant] and other lawyers, as to what would be a reasonable fee for such services."
28 Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009) (quoting

6

Martino v. Denevi, 182 Cal.App.3d 553, 558 (1986).  However, in California, an attorney is not required to submit contemporaneous records to recover attorney fees.  Winterrowd, 556 F.3d at 827.

In the October 30, 2013 order, the Court found that "counsel did not provide a breakdown for the Court to calculate [attorney] fees, and based upon the information provided, counsel's rate is not within the prevailing range in this district."  (ECF No. 74 at 14.)  In the motion for approval of attorney fees, counsel submits declarations setting forth the experience of counsel and the total hours performed in this action.  However, the submission of the documentation does not cure the issues addressed in the October 30, 2013 order.  While Plaintiff has provided hourly rates and the total number of hours each employee worked in this action, the documentation provides no basis upon which the Court can determine if the hours requested are reasonable.  Further, this does not address the issue of the fairness of the attorney fees in this instance.  "In a class action, the district court 'must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper.' "  Parkinson v. Hyundai Motor America, 796 F.Supp.2d 1160, 1170 (C.D. Cal. 2010) (quoting Zucker v. Occidental Petrol. Corp., 192 F.3d 1323, 1328–29 (9th Cir.1999)).

The Court has considered the totality of the circumstances in the award of attorney fees.  While Plaintiffs have received a good result in this action, the duration of the period between the filing of the complaint and settlement was relatively short, just over two years.  There was little in the way of motion practice.  Since this action was removed from state court, the only contested motion filed was the motion to certify the class.  Nor does the time associated with this action appear to have hampered either law firms ability to take on other cases.

The determinative factor is the benefit to the class, which in this instance is relatively small.  Only 19.68% of the class members in this action submitted claim forms and the class will recover $63,800.00 which is significantly less than counsel is requesting for attorney fees.  The results achieved in this action have not conferred any benefit beyond the litigation.[2]  Therefore,

---

[2] During the March 19, 2014 hearing, class counsel argued that the case involved a novel area of law as only one other case has addressed whether truck drivers are required to be paid for attending pre-employment training.  The

1  there are no incidental or non-monetary benefits conferred by the litigation to be considered in the
2  award of attorney fees.  California law allows "that a lodestar figure may be adjusted not just
3  upward but also, where appropriate, downward."  Thayer v. Wells Fargo Bank, N.A., 92
4  Cal.App.4th 819, 840 (2001).  In this instance, the results obtained justify a downward adjustment
5  to the lodestar.

6  While Plaintiff cites to other cases where courts awarded 30% or more in attorney fees,
7  none of the cited actions involved cases where class counsel was seeking fees in excess of what
8  the class received.  Barbosa v. Cargill Meat Solutions Corp., __ F.R.D. __, 2013 WL 3340939
9  (E.D. Cal July 2, 2013) (class received $633,814.40 and $430,000.00 awarded in attorney fees);
10 Schiller v. David's Bridal, Inc., 2012 WL 2117001 (E.D. Cal. June 11, 2012) (class received
11 $286,078.00 and $166,667.00 awarded in attorney fees); Vasquez v. Coast Valley Roofing, 266
12 F.R.D. 482 (E.D. Cal 2010) (class received $145,600.00 and $100,000 awarded in attorney fees);
13 Romero v. Producers Dairy Foods, Inc., 2007 WL 3492841 (E.D. Nov. 14, 2007) (class received
14 approximately $159,724.00 and $80,00.00 awarded in attorney fees).

15 Further, Plaintiffs do not cite to any case in which a portion of the common fund was to
16 revert back to the defendants, as is occurring here.  While the Court is not basing the amount of a
17 reasonable fee on the actual recovery, it is a consideration in determining the reasonableness of
18 the requested fee.

> Despite class counsel's efforts in this action, the class response rate was extremely low. If the response rate had been higher, presumably the total class recovery would have been higher, and a higher fee award would be justified. But it is unreasonable for class counsel to be compensated for hypothetical recovery that never took place. The key consideration in determining a fee award is reasonableness in light of the benefits actually conferred. Although the settlement in this action confers substantial benefits to some individual class members, the class' overall recovery does not warrant the requested fee award.

Create-A-Card, Inc. v. Intuit, Inc., No. 3:07-cv-06452-WHA, 2009 WL 3073920, at *3-4 (N.D.

---

Court is not presently persuaded that there would be any benefit beyond this litigation as the settlement in this action did not address the merits of the claim, and while it may have created a novel area of law, only time will tell whether this case did.  Alternatively, the matter could have been settled on the basis of a pure cost benefit analysis by the defendants.  Department of Labor Standards and Enforcement ("DLSE") Opinion Letter 2010.4.7 available at https://www.dir.ca.gov/dlse/opinions/2010-04-07.pdf (applying Fair Labor Standards Act to determine employment issue under California law); see also Walling v. Portland Terminal Company, 330 U.S. 148, 153 (1947).  The record is not clear enough to justify an increase above the bench mark.

1  Cal. Sept. 22, 2009).

2  Plaintiffs argue that the defendants do not object to the requested attorney fees, however as the court found in Create-A-Card, Inc., "[t]o allow the immediate parties to stipulate to pay class counsel a large sum whether or not a large benefit was conferred on the class—and indeed even when it was not—would encourage collusive settlements." Id. "Tethering fees (in part) to benefit will help guard against collusion in the general run of cases." Id.

Accordingly, the Court finds that class counsel's request for fees of $100,000.00 is not fair and reasonable. Parkinson, 796 F.Supp.2d at 1170; Stanton, 327 F.3d 938, 963-64 (9th Cir. 2003). Plaintiffs' motion for attorney fees of 33.3% is denied and the Court shall award attorney fees of 25 % of the common fund for class counsel's representation in this action.

### E. Reconsideration of Incentive Award

In the order granting preliminary approval of the settlement, the Court evaluated the fairness of the incentive award by considering "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation." Stanton, 327 F.3d at 977 (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)). After consideration of these factors and incentive awards approved in similar cases, the Court determined that the class representative was entitled to an award of $3,500.00 for his participation in the action. (ECF No. at 15-17.)

During the March 19, 2014 hearing, Plaintiff moved for reconsideration of the incentive award to the class representative. Plaintiff contended that the bench mark in the Ninth Circuit for such incentive awards is $5,000.00. The Court granted Plaintiff twenty-four hours to brief whether there is a Ninth Circuit bench mark in awarding class action representative incentive awards.

Plaintiff submitted a letter brief on March 19, 2014 stating that there is no bench mark for incentive awards in the Ninth Circuit and the amount of the award is left to the discretion of the court. The Court has previously considered the factors in determining the reasonableness of the incentive fee and Plaintiff has provided no reason for the Court to reconsider the award.

Plaintiff's motion for reconsideration of the class representative enhancement is denied.

## VI.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court hereby GRANTS final approval of the Settlement. The Court finds that the terms of the Settlement, are fair, reasonable and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Settlement was reached as a result of arm's length negotiations after sufficient investigation and discovery, and that class members were given notice of the Settlement which fully satisfies all due process requirements, which advised them of their right to object to the Settlement, in a reasonable manner.

2. The Court hereby affirms the Class as previously certified on August 21, 2012, consisting of all current and former truck drivers employed by Knight Transportation, Inc., who were based in the State of California, and who participated and/or attended a classroom orientation in the State of California during the period from March 9, 2007, through the present (the "Class Period"), excluding those who participated in the on-line course in place of classroom training. The Court affirms that the settlement class satisfies the applicable criteria for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

3. The Court hereby directs payment to the Settlement Administrator from the settlement funds for its fees and expenses in accordance with the Settlement.

4. The Court hereby directs that the Settlement Administrator distribute settlement awards to claimants from the settlement funds in accordance with the Settlement, and directs that all other provisions of the Settlement Agreement be carried out.

5. The Court hereby appoints Craig Ackermann, Esq. and Michael Malk, Esq. as class counsel, grants Plaintiff's motion for attorneys' fees and costs, and awards Plaintiff's counsels' attorneys' fees in the amount of $75,000.00 to be paid from

1  the Settlement Amount.

2  6.  The Court finds that Plaintiff's Counsel's costs are reasonable, and hereby awards Plaintiff's counsels' attorneys' costs in the amount of $12,000.00 to be paid from the settlement funds.

7.  The Court hereby appoints Plaintiff Don Clayton as class representative, and awards an incentive payment to Plaintiff to be paid from the settlement funds in the amount of $3,500.00.

8.  The Court hereby enters FINAL JUDGMENT in this matter and dismisses Plaintiff's claims against Defendant with prejudice.

9.  The Court hereby orders that class members who did not timely exclude themselves from the Settlement have released their claims against Defendant as set forth in the Settlement.

10.  The Court hereby orders that class members who did not timely object to the Settlement are barred from prosecuting or pursuing any appeal of the Court's order granting final approval to the Settlement.

11.  The Court finds that all notice requirements of the Class Action Fairness Act have been met.

12.  The Court hereby directs that the clerk of the Court enter the Court's order as a FINAL JUDGMENT; and

13. The Court hereby orders that, without affecting the finality of the FINAL JUDGMENT, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the judgment.

IT IS SO ORDERED.

Dated:  **March 21, 2014**

UNITED STATES MAGISTRATE JUDGE